The Iron Clad Manufacturing Company, Plaintiff, *v.* Bonet Sackin, Henry Marx and James Harper, Defendants.

(Supreme Court, Kings County, May, 1908.)

Negotiable instruments — Presentment and demand — Place of demand — Trust company's main or branch office.

> Where a note is payable at a certain trust company in the borough of Brooklyn, presentation at the trust company's main office in said borough is sufficient, though the maker's funds are deposited in a branch office in another place.

Suit on a promissory note.

James, Schell & Elkus (Joseph M. Proskauer, of counsel), for plaintiff.

Altkrug & Kahn, for defendant Sackin.

Edward Herrmann, for defendants Marx and Harper.

Kelly, J.   The note was made by Marx and Harper, indorsed by Sackin, and delivered to plaintiff. It is alleged in the complaint, paragraph 3, and not denied in the answer, that the note was payable at the *Jenkins Trust Company in the borough of Brooklyn.* Indeed, in the separate defenses pleaded in the answer, the place where the note is to be paid

and the bank alleged to have had the custody of the funds with which to pay it is always described as "Jenkins Trust Company" and "Jenkins Trust Company of Brooklyn." The note fell due on October 23, 1907; and on that day it was presented for payment at the main office of the Jenkins Trust Company, at the corner of Nostrand and Gates avenues in Brooklyn. Under modern banking methods a system of branches of banking institutions has come in vogue, a system unknown until recently, and which, I am free to say, is not in keeping with the conservative way of conducting banking in the past; and this note was payable at *Jenkins Trust Company, Bath Beach Branch.* When the Jenkins Trust Company received the note for payment at its main office, on the day when it was due, it retained the note and send it to the Bath Beach branch office. It reached the branch office on the afternoon of the twenty-fourth, after banking hours. The makers had cash on deposit with the Jenkins Trust Company sufficient to pay the note, but it was not paid on October twenty-third, or the twenty-fourth, or the twenty-fifth; and the Jenkins Trust Company suspended payment on the twenty-fifth about noon. The makers had their account at the Bath Beach branch, and it is said that the money was to their credit *at that branch.* Conceding this, still there is no explanation of why the note was not paid at the branch office on the morning of the twenty-fifth before the bank suspended payment.

But I think the presentation of the note on the day on which it was payable at the main office of the Jenkins Trust Company was sufficient. The defendants quote section 133 of the Negotiable Instruments Law. "Presentment for payment is made at the proper place where the place of payment is specified in the instrument and it is there presented." There is but one Jenkins Trust Company, one president, secretary, cashier, and the other officers recognized by law. There may be assistant cashiers or tellers at the branches, but the branches are not separate corporations. The corporation, Jenkins Trust Company, had the money of the makers on deposit. It makes no difference where the company received it, the corporation was responsible, no matter

at what "branch" it was received. If the note had been presented at a "branch" other than the "branch" named on the face of the note some question might arise; but, in this case, the note was presented at the main office. The greater includes the less. The maker selected the bank at which the note was to be paid and, when the holder presented it at the main office of that bank and the bank received it, I cannot see why the holder is responsible for the failure of the banking company to pay it then and there, because, for its own convenience, the banking company saw fit to send it to a "branch" or delay in sending it. There was a regular course of dealing proved between the Mechanics' Bank, which held the note for collection, and the Jenkins Trust Company, by which notes payable at "branches" were presented, either at the branch or the main office; but, without this course of dealing, I think presentation at the main office was sufficient.

Both parties moving for the direction of a verdict, I direct a verdict for the plaintiff for the amount of the note, $871.45, and interest, $19.61; total, $891.06.

Judgment for plaintiff.