BALSAM v. MUTUAL ALLIANCE TRUST CO.

(Supreme Court, Appellate Term.   December 22, 1911.)

1. BILLS AND NOTES (§ 66*)—CHECKS—RIGHT OF ACTION—NECESSITY OF ACCEPTANCE.

The payee of a check cannot sue the drawee for nonpayment before acceptance or certification, under Negotiable Instruments Law (Consol. Laws 1909, c. 38) § 325.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 107; Dec. Dig. § 66.*]

2. BILLS AND NOTES (§ 440*)—CHECKS—PAYMENT—EFFECT.

If a check was paid by being credited in the book of the indorsee and marked "paid," the payee was thereby relieved of liability as indorser; the indorsee's remedy for the refusal of the bank to permit the credit to stand being against the bank.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1223–1232; Dec. Dig. § 440.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Joseph Balsam against the Mutual Alliance Trust Company. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GIEGERICH, LEHMAN, and PENDLETON, JJ.

Mortimer W. Solomon (Harry A. Gordon, of counsel), for appellant.

William Rabinowich, for respondent.

GIEGERICH, J. Plaintiff alleges that on a day named the firm of Wachtel Bros. drew and delivered to him a check upon the defendant for the sum of $200, which he indorsed to the order of a third person, who presented it for payment, which was refused, although the drawers had funds on deposit with the defendant more than sufficient to meet the check.

[1] The payee of a check has no cause of action against the drawee for nonpayment thereof before acceptance or certification (Neg. Insts. Law [Consol. Laws 1909, c. 38] § 325; Duncan v. Berlin, 60 N. Y. 151; Attorney General v. Continental Life Ins. Co., 71 N. Y. 325, 27 Am. Rep. 55); and, in the present case, acceptance or certification was neither pleaded nor proved.

[2] It appeared upon the trial that the check was deposited by the indorsee at one of the branch offices of the defendant institution, and was credited in her pass book and marked "Paid." It was further shown that the check was afterwards returned to the depositor, on the ground that there were not funds to meet it, and that she took up the check and gave her own check to the defendant for the same amount in its place. The plaintiff seems to argue that the check was, in effect, paid when it was received by the defendant at one of its branches, credited in the pass book of the depositor, and marked "Paid." This may be so (Iron Clad Mfg. Co. v. Sackin, 59 Misc. Rep. 281, 110 N. Y. Supp. 161), and the trial seems to have been conducted on that theory, in spite of the pleadings. But, assuming this position to be sound, it is clear that, when the check was paid, the plaintiff was absolved from all liability as indorser upon the check, and could not properly have had anything further to do with it.

If the check was paid, and the defendant nevertheless afterwards refused to allow the credit to stand in the depositor's account, the controversy was one between the depositor and the defendant. The depositor could doubtless have assigned her claim against the defendant, not upon the check, for that had been paid, but for the balance of her account. If any such assignment to the plaintiff had been pleaded or proved, it might be necessary to determine whether or not the depositor had lost her right to recover by voluntarily taking up the check after payment and giving her own check in its place. As the record does not present this question, and as the plaintiff has no right of action against the defendant upon the check on any theory, the judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.